UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>19-20551-CR-MORENO</u>

UNITED STATES OF AMERICA

v.

ERIC LIN,
        **Defendant.**
_____/

**<u>Motion for an Upwards Variance and Additional Special Conditions of Supervised Release</u>**

      For his offense conduct, its impact on the victims, and his history and characteristics, including his recidivism, the United States respectfully submits that Eric Lin should be sentenced to 60 months of imprisonment.[1] This sentence would require the Court to vary upwards from the anticipated Sentencing Guidelines range of 41-51 months [PSI ¶ 84]. The factual proffer [DE 20] and uncontested factual portion of the PSI lay out the crime in detail. In short, Mr. Lin's heinous abuse of C.I., H.I.L., and M.S., and the manner he engaged in the threats, shows the need for a substantial sentence. The victim impact statement poignantly highlights how Mr. Lin's actions have affected others [DE 30-2]. Mr. Lin's past behavior – criminal and otherwise – demonstrates the need for specific deterrence and the need to promote respect for the law. *See e.g.* PSI ¶¶ 38-41 and 60-62. The United States respectfully submits a sentence of the statutory maximum of 5 years of imprisonment is appropriate.

---

[1] The initial PSI, before revisions to the criminal history score, placed the advisory Guideline Sentencing Range at 63-78 months [DE 23 ¶ 84]. The criminal history calculations in the revised PSI filed on June 15, 2020 [DE 30-1:2-4] arguably underrepresent his likelihood of recidivism. The United States respectfully recommends that the Court vary upwards in light of the § 3553(a) factors rather than depart upwards under U.S.S.G. § 4A1.3. It is worth noting, that with the offense level being 20, moving a level upwards from CHC III to IV would result in the instant request being a within guidelines sentence (51-63 months).

During his period of supervised released – which the United States respectfully submits should also be the statutory maximum – Mr. Lin should be subject to those special conditions of supervised release outlined in the PSI at Part F, and two additional necessary special conditions of supervised release.  As a first additional condition, during his supervision, Mr. Lin should be expressly prohibited from all contact and communication, in person, online, telephone, or any other communication medium, with the victims from this case (as listed in PSI ¶ 23) and from prior cases (as listed PSI ¶¶ 38, 39, and 40), and any family member of those individuals.  As a second additional condition – in light of the manner Mr. Lin committed the instant offense and in order to effectuate the first proposed additional condition – Mr. Lin should be subject to a computer/electronic devices search condition. This condition could provide:

> The defendant shall submit to the U.S. Probation Officer conducting unannounced searches of the defendant's person, property, house, residence, vehicles, papers, computer(s), other electronic communication or data storage devices or media, including retrieval and copying of all data from the computer(s) and any internal or external peripherals and effects at any time, with or without warrant by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release, provided such search must be done in a reasonable manner and at a reasonable time. The search may include the retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with other supervision conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:   *s/Jonathan Kobrinski*
      Jonathan Kobrinski
      Assistant United States Attorney
      Court ID No. A5501893
      99 N.E. 4th Street, Miami, FL 33132
      Tel: (305) 961-9074
      jonathan.kobrinski@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 18, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                      *s/ Jonathan Kobrinski*
                                      Jonathan Kobrinski
                                      Assistant United States Attorney