TRULINCS 49523086 - LIN, ERIC - Unit: MIM-F-E

FILED BY ______ D.C.
JAN 08 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

FROM: 49523086
TO:
SUBJECT: Petition for Writ of Habeas Corpus 28 U.S.C. 2255
DATE: 12/31/2020 09:02:42 AM

United States District Court
Southern District of Florida
Miami Division

United States of America,

Plaintiff

v.

Eric Lin
Defendant/Movant
_________________/

USDC Case Number: 19-20551-CR-MORENO

Hon. Federico A. Moreno
U.S. District Judge

Pro se Writ of Habeas Corpus under 28 U.S.C. 2255

Comes now, Eric Lin, Movant pro se, in above styled and numbered cause, respectfully submits this petition for Writ of Habeas Corpus under statue 28 U.S.C. 2255. Eric Lin also moves to proceed in forma pauperis.

Mr Lin brings up the following claims alleging his Constitutional rights and/or Federal law was violated at his sentencing hearing:

1. On June 23, 2020, Mr. Lin was sentenced to 60 months imprisonment for one count of 18 U.S.C. 875(c). Mr. Lin was denied his right to make an allocution statement before Judge Moreno sentenced Mr. Lin to the statutory maximum of 60 months imprisonment. This was a violation of Rule 32 which gives the defendent the right to make an allocution statement before sentencing. Judge Moreno made it clear through his comments at the very beginning of the sentencing hearing his mind was already made up as to the sentence he was prepared to give the defendent. Judge Moreno commented that he was disappointed and could not understand why the AUS Attorney had reached a plea deal with Mr.Lin that dropped 5 counts of 18 U.S.C. 875(c) transmitting in interstate commerce a communication to injury the person of another in exchange for pleaing guilty to one count. The implication was that he felt Mr.Lin had gotten off too lightly and this would limit Mr.Lin's exposure to 60 months in prison. These comments made by Judge Moreno were done at the beginning of the sentencing hearing before he could hear any evidence or facts about the case. Indeed they were made even before the sentencing guidelines range was calculated. It is noted that Judge Moreno never even bothered to determine an applicable guidelines range for the Defendent. The pervasive bias directed against Mr.Lin at sentencing denied him his Constitutional right to due process under the law.

2. On June 23, 2020 Mr.Lin was sentenced to 60 months imprisonment on one count of 18 U.S.C. 875(c) without Judge Moreno having calculated an applicable guidelines range. This despite Mr.Lin's Lawyer Christian Dunham AFD objecting to the +6 enhancement. Judge Moreno ignored Mr.Lin's Lawyer's objection to this enhancement and proceded to sentencing, without even bothering to address the issue. It is reasonable to ~~conduct~~ conclude that Judge Moreno had a pervasive and personal bias against Mr.Lin. As Mr.Lin is of Asian heritage and he was enhanced for making racial epithets/threats on his PSI against the Victim who shares an ethnic background with the Judge. In addition Judge Moreno cited this as a reason for the Defendent receiving the maximum sentence.

3. Mr.Lin's Lawyer Christian Dunham AFD did not object to the violation of Mr.Lin's right to make an allocution before sentencing nor did he object to Judge Moreno's failure to calculate an applicable guidelines for Mr.Lin at sentencing. Furthermore Christian Dunham AFD told Mr.Lin that he had no issues to appeal and failed to file an timely appeal. Furthermore Mr.Dunham did not present evidence that Mr.Lin backed off from and made many statements against kidnapping the victim of the case. Mr.Dunham did not provide the full context of Mr.Lin comments in which he stated "you can put her in a Plastic Rubber made bin and drive her to Seattle. Immediately following these statements Mr.Lin told his alleged "Co-conspirator" that this wouldn't be a good idea and to forget about it. He also refused his alleged "co-conspirator additional funds" to carry out the kidnapping saying he was against doing anything illegal and that this was a serious crime. Because of these statements which were clearly frivilous musings and not to be taken seriously he was enhanced +6 for conduct evidence intent to carry out the threats. Because of these failures by Mr.Dunham, Mr. Lin was rendered ineffective assistance of counsel both at his sentencing and afterwards.

---

FROM: 49523086
TO:
SUBJECT: Petition for Writ of Habeas Corpus 28 U.S.C. 2255
DATE: 01/01/2021 07:01:43 PM

.

4. Christian Dunham failed to present a psychological report in support of Mr.Lin at sentencing. Despite Mr.Lin having a history of psychiatric treatment and evaluation. This is another issues that supports Mr.Lin's contention that he was rendered ineffective assistance of counsel at his sentencing hearing.

Conclusion

The remedy Mr.Lin seeks is a sentence reduction to his guidelines range of 24-30 months which is what his sentence would be without the +6 enhancement for "conduct evidencing intent to carry out the threats". Mr.Lin has already served 16 months of his sentence and the denial of a fair sentencing hearing in accordance with due process has prevented Mr.Lin from being able to file a timely appeal.

If this can not be done Mr.Lin seeks a remand for resentencing in front of a different Judge. In addition Mr.Lin requests a sentence reduction that the court think is appropriate because he will be denied the ability to engage in evidence based recidivism programming for which he is eligible and prevented from earning credits toward early release because he is forced to stay or be transported to FDC Miami in order to proceed with resentencing.

Respectfully submitted on this 1st day of January 2021.

TRULINCS 49523086 - LIN, ERIC - Unit: MIM-F-E

---

FROM: 49523086
TO:
SUBJECT: Verification and Certificate of Service
DATE: 01/01/2021 06:47:27 PM

VERIFICATION

I, Eric Lin, verify under penalty of perjury, pursuant 28 U.S.C. 1746 that the foregoing is true and correct.
Executed this 1st day of January 2021

Eric Lin
Eric Lin, Pro Se
Reg. #49523-086
FDC Miami
P.O. Box 019120
Miami, Florida 33101-9120

---

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing memorandum brief for Habeas Corpus under 28 U.S.C. 2255 had been mailed, first class postage prepaid, on this 1st day of January, 2021, to opposing counsel, Assistant US Attorney, Jonathan Kobrinski, 99 N.E. 4th Street, Miami FL 33132.

Executed under penalty of perjury pursuant to 28 U.S.C. 1746, on this 1st day of January, 2021.



Eric Lin
Eric Lin, Pro Se
Reg. #49523-086
FDC Miami
P.O. Box 019120
Miami, Florida 33101-9120

TRULINCS 49523086 - LIN, ERIC - Unit: MIM-F-E

---

FROM: 49523086
TO:
SUBJECT: Request for Docket Report
DATE: 01/01/2021 07:20:44 PM

Eric Lin respectfully asks the Clerk of the Court to send him a copy of the Docket report once his Habeas Corpus 2255 has been filed by the court.

Eric LiN
Reg. #49523-086
FDC Miami
P.O. Box 019120
Miami, Florida 33101-9120

MIAMI FL 330
6 JAN 2021 PM 6 L




The Clerk of Court
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, Room 8
Miami, FL 33128

Legal Mail

33128-771699

The enclosed letter processed through special mailing
Procedure for forwarding to you. The letter has neither been
Opened nor inspected. If the writer raises a question or problem
Over which this facility has jurisdiction, you may wish to return
The material for further information or clarification. If the writer
Encloses correspondence for forwarding to another address, please
Return the enclosed to the following address:
FEDERAL DETENTION CENTER
P.O. BOX 019120
MIAMI, FL 33101

DATE: JAN 06 2021