UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-20101-DIMITROULEAS
(19-20551-CR-DIMITROULEAS)

ERIC LIN,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

**ORDER DISMISSING MOTION TO VACATE**

This Cause is before the Court on Movant Lin's January 1, 2021 *pro se* Motion to Vacate [DE-1]. The Court has considered the Government's February 2, 2021 Response [DE-11], Lin's March 3, 2021 Request [DE-16], the Court file and Pre Sentence Investigation Report (PSIR). The Court finds as follows:

1. Lin was indicted on August 29, 2019 and charged with six (6) counts of Interstate Transmission of Threatening Communications, in violation of 18 U.S.C. § 875(c) [CR-DE-7].

2. Lin pled guilty to one count on January 14, 2020 [CR-DE-18], pursuant to a Plea Agreement [CR-DE-19]. There was a Factual Proffer [CR-DE-20].

3. On February 28, 2020, defense counsel filed Objections to the PSIR, including an objection to a six (6) level enhancement for conduct evincing an intent to carry out the underlying threats, pursuant to U.S.S.G. § 2A6.1(b)(1). The Government filed a response on March 13, 2020 [CR-DE-25] and a Sentencing Memorandum on June 18, 2020 [CR-DE-31].

4. The PSIR indicated that Lin had mental issues [CR-DE-30, ¶¶ 30-33]. The PSIR came up with an Offense Level 23, Criminal History Category III, for a range of 41-51 months. [CR-DE-30, ¶ 84].

5. On June 23, 2020, Judge Moreno sentenced Lin to sixty (60) months in prison [CR-DE-36]. Judge Moreno confirmed that the probation officer had calculated the guidelines at an Offense Level 20 with a Criminal History Category III. [CR-DE-42, p. 5]. The range was determined to be 41-51 months [CR-DE-42, p. 10]. There was an extensive discussion about the six (6) level enhancement before Judge Moreno overruled defense counsel's objection. [CR-DE-42, pp. 6-9]. Judge Moreno asked Lin, "Mr. Lin, what do you wish to say before I sentence you?" Lin said, "Nothing, your honor [CR-DE-42, p. 14]. After the sentence was imposed, Lin did allocate [CR-DE-42, p. 21]. Defense counsel objected to the six (6) level enhancement, and the upward variance. [CR-DE-42, p. 20]. At that point, the sentence had been imposed when Judge Moreno indicated that he might have varied higher if he could have. [CR-DE-42, p. 20]. Lin said he would leave the decision whether to appeal up to his lawyer, but that he thought five (5) years was pretty fair, considering the impact on the victim [CR-DE-42, pp. 20-21]. In an apparent effort to protect the five (5) year sentence on appeal should the six (6) level enhancement be voided, the prosecutor solicited a finding from Judge Moreno that, irrespective of the enhancement, a upward variance to five (5) years would have been appropriate *See, U.S. v. Keene,* 470 F. 3d 1347, 1349 (11th Cir. 2006). At that point, Moreno mused, if that's how you feel, why did you drop the other counts? [CR-DE-42, p. 22].

6. No appeal was taken.

7. In this timely motion to vacate, Lin complains that he was not allowed to allocate; that Judge Moreno had his mind made up; that Judge Moreno questioned why counts were dropped at

the beginning of the sentencing hearing and before the guidelines had been calculated; that the guideline range was never determined; that Judge Moreno was biased because he's Hispanic; that the six (6) level enhancement was never addressed; that Judge Moreno gave a biased reason for imposing the maximum sentence; that trial counsel was ineffective for failing to object to Lin's being denied an opportunity to allocate, for failing to object to an absence of a guidelines calculation, for failing to file an appeal, for failing to produce mitigating evidence regarding the six (6) level enhancement, and for failing to present a psychological report.

8. The record conclusively refutes most of Lin's allegations. Lin was given an opportunity to allocate, and counsel cannot be faulted for not objecting. The six (6) level enhancement was discussed, and counsel objected to it. Moreno's comment about dropping counts occurred after the sentence had been announcement and after the guideline range had been determined. The guideline range was determined, both in the PSIR and during the hearing.

9. Other conclusory allegations are not supported by the record or evidence: Moreno had his mind made up, Moreno was biased, there were mitigating facts that would have negated the six (6) level enhancement, the psychological report should have been presented.

!0. The Court was most interested in Lin's complaint about counsel's failure to take an appeal. It would seem that the appeal waiver would not have applied because an upward variance was imposed. [CR-DE-41, p. 11].

11. On February 22, 2021, the Court granted an evidentiary hearing on one issue and appointed CJA counsel [DE-14]. On March 3, 2021 Lin asked the Court to cancel the hearing and close the case [DE-16]. On March 9, 2021, counsel withdrew the motion [DE-19].

Wherefore, Lin's Motion to Vacate [DE-1] is **Dismissed**, as withdrawn. The Clerk shall close this caser and deny any pending motions as moot.

The Clerk is DIRECTED to mail a copy of this Order to the address below.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of April 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

cc:
Eric Lin
49523-086
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE

Maria K. Medetis, AUSA

Richard Della Fera, Esq.