FILED BY AP D.C.
Mar 9, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 09, 2022

Eric Lin
FCI Butner Medium II - Inmate Legal Mail
PO BOX 1500
BUTNER, NC 27509

Appeal Number: 22-10737-AA
Case Style: USA v. Eric Lin
District Court Docket No: 1:19-cr-20551-WPD-1

Please use the appeal number for all filings in this court.

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Briefing
Pursuant to 11th Cir. R. 31-1, the appellant's brief is due on or before April 18, 2022. The appendix is due 7 days after the appellant's brief is filed. An incarcerated pro se party is not required to file an appendix.

The appellee's brief is due within 30 days after the service of the last appellant's brief. The appellant's reply brief, if any, is due within 21 days after the service of the last appellee's brief. This is the only notice you will receive regarding the due date for briefs and appendices.

Please see FRAP 32(a) and the corresponding circuit rules for information on the form of briefs and FRAP 32(b) and 11th Cir. Rules 30-1 and 30-2 for information on the form of appendices.

(In cross-appeals pursuant to Fed.R.App.P. 28.1(b), the party who first files a notice of appeal is the appellant unless the parties otherwise agree.)

Certificate of Interested Persons and Corporate Disclosure Statement ("CIP")
Every motion, petition, brief, answer, response, and reply must contain a CIP. See FRAP 26.1; 11th Cir. R. 26.1-1. In addition:

- Appellants/Petitioners must file a CIP within 14 days after this letter's date.
- Appellees/Respondents/Intervenors/Other Parties must file a CIP within 28 days after this letter's date, regardless of whether Appellants/Petitioners have filed a CIP.
- Only parties represented by counsel must complete the web-based CIP. Counsel must complete the web-based CIP, through the Web-Based CIP link on the Court's website, on the same day the CIP is first filed.

The failure to comply with 11th Cir. Rules 26.1-1 through 26.1-4 may result in dismissal of the case or appeal under 11th Cir. R. 42-1(b), return of deficient documents without action, or other sanctions on counsel, the party, or both. See 11th Cir. R. 26.1-5(c).

Attorney Admissions
Attorneys who wish to participate in this appeal must be properly admitted either to the bar of this court or for this particular proceeding, See 11th Cir. R. 46-1; 46-3; 46-4. In addition, all attorneys (except court-appointed attorneys) who wish to participate in this appeal must file an appearance form within fourteen (14) days after this letter's date. The Application for Admission to the Bar and Appearance of Counsel Form are available on the Court's website. **The clerk generally may not process filings from an attorney until that attorney files an appearance form.** See 11th Cir. R. 46-6(b).

Obligation to Notify Court of Change of Addresses
Each pro se party and attorney has a continuing obligation to notify this court of any changes to the party's or attorney's addresses during the pendency of the case in which the party or attorney is participating. See 11th Cir. R. 25-7.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: T. L. Searcy, AA/tjs
Phone #: (404) 335-6180

DKT-7 Criminal Early Briefing

FILED BY AP D.C.
Mar 4, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

United States Court of Appeals
for the 11th Circuit

Eric Lin
Plaintiff/Appellant

U.S. COURT OF APPEALS
RECEIVED
CLERK
MAR 04 2022
ATLANTA, GA

Case no. 19-20551-CR-Dimitrouleas

REC'D BY AP D.C.
Mar 7, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

VS.

United States of America
Defendant

I am filing an appeal pro se of the denial of my motion to require the Government to mail my seized property to my father. I request to proceed in Forma Pauperis. I am indigent in that I was represented by a Public Defender. Though I have around one hundred dollars in my commissary account the process of taking it out and mailing it to this Court would take months, due to the glacial speed that such requests get processed. If necessary I can arrange for my father to mail a check. However I beg the Court to let me proceed in Forma Pauperis as this would greatly speed the adminstration of justice.

I believe that U.S. District Judge William P. Dimitrouleas abused his discretion when he denied my motion to require the Government to mail my seized property to my father. According to United States v. Chambers (3rd Cir 1999) property must be returned once criminal proceedings have concluded if the seized property is not contraband or subject to forfeiture. The property that was seized from me was not contraband or subject to forfeiture. Nor has the Government ever filed a motion for forfeiture. As far as I know there is no legal basis under federal law for forfeiture of my seized property as my property was not obtained through drug dealing or any other type of criminal enterprise.